Bergan, J. (dissenting).
If the return on appeal of the Court of Special Sessions to the County Court be accepted as conclusively showing the record of proceedings at Special Sessions, that court followed fully and exactly the statutory requirements governing the advice to be given an accused on the right to counsel (Code Crim. Pro., § 699; People v. Marincic, 2 N Y 2d 181; People v. Banner, 5 N Y 2d 109).
The court now for the first time is imposing on Special Sessions the duty of informing persons charged with misdemeanors not only that they have a right to aid of counsel but also “ as to the availability of assigned counsel”. This, of course, means that if the defendant desires assigned counsel the Special Sessions must assign a lawyer.
A change of this kind in the processes of the criminal law would be unworkable without extensive implementation which, in turn, ought to be in the form of statutory enactment, and perhaps also be accompanied by an appropriation of public money.
The assignment of counsel by a court implies a Bar practicing in that court. Courts of Special Sessions in large communities, of course, have lawyers who regularly practice before them, but in countless rural communities no Bar in the traditional sense appears before the Justices of the Peace who hold Special Sessions, and those Justices would be hard put to find and assign lawyers who would be responsive to their requests.
In most small communities the Special Sessions are held by Justices of the Peace and traditionally the court has been one in *399 which laymen were often Justices and, until 1933, at least (L. 1933, eh. 50), laymen could appear as counsel. This history and tradition of the rural Special Sessions suggest part of the difficulty of assignment of counsel for minor criminal cases that come to those courts.
In many rural towns in the Third and Fourth Departments there are no resident lawyers and in many there are no lawyers who practice in the local courts of the town.
If a Justice of the Peace in one of the remote towns of Clinton County, for example, undertook to assign a lawyer in Plattsburgh to defend in his court a misdemeanor ease, a number of practical obstacles to any effective result come readily to mind. Of all the lawyers in Clinton only two are listed as having offices outside of Plattsburgh in the current Legal Directory.
Perhaps Bar Associations may in due course provide this service, but they are certainly not now generally providing it in most rural areas. A change of this sort ought to be effected gradually and with full consultation with the Justices affected and with the Bar.
The defendants here assert that in fact they were not advised of their right to counsel. If on a constitutional right such as that asserted the return were not treated as conclusive (People v. Breslin, 4 N Y 2d 73) and there was a remission to determine what the fact was, a reversal for that purpose might be indicated. But we should not reverse on the basis of this newly announced departure in the procedural requirements at Special Sessions.
Judges Dye, Fuld and Burke concur with Chief Judge Desmond ; Judge Bergan dissents in an opinion in which Judges Van Voorhis and Scileppi concur.
Judgments reversed, etc.